FILED

1   Jonathan Weiss – California State Bar #143895
2   Email: jw@lojw.com            2013 SEP 30  PM 3: 35
    LAW OFFICE OF JONATHAN WEISS
3   10576 Troon Avenue            CLERK U.S. DISTRICT COURT
                                  CENTRAL DIST. OF CALIF.
4   Los Angeles, California  90064-4436    LOS ANGELES
    Phone:  (310) 558-0404; Facsimile: (310) 558-0100 BY_____
5

6   Michael N. Berke – California State Bar #81317
7   Email:  michael.berke@berkeslaw.com
    LAW OFFICE OF MICHAEL N. BERKE
8   25001 The Old Road
9   Santa Clarita, California  91381-2252
    Phone:  (661) 259-1800; Facsimile: (661) 259-1865
10

11  Attorneys for Plaintiff, James Elias

12

13              UNITED STATES DISTRICT COURT

14     CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

15  JAMES ELIAS, an individual,        Case No. CV13-07231-GHK
                                       (RZx)
16
17      Plaintiff,                     CLASS ACTION COMPLAINT FOR
                                       DAMAGES FOR VIOLATION OF
18  v.                                 THE FAIR DEBT COLLECTION
                                       PRACTICES ACT (15 U.S.C. §§ 1692
19                                     ET SEQ.)
    JOSHUA R. BRONSTEIN, an individual;
20  DANIELS NORELLI SCULLY &
21  CECERE, P.C., a New York Corporation;  DEMAND FOR JURY TRIAL
    CACH, LLC, a Colorado limited liability
22  company, and DOES 1-10, inclusive,
23
24      Defendants.

25

26      1.    Plaintiff, James Elias, bringing this case under the Fair Debt Collection

27  Practices Act ("FDCPA"; 15 U.S.C. §§ 1692, et. seq.), alleges as follows on

28  information and belief and based on the investigation to date of his counsel.

COMPLAINT

**PARTIES**

2.      Plaintiff is and at all times herein mentioned was a California citizen residing in Sherman Oaks, Los Angeles County, California.

3.      Defendant Joshua R. Bronstein ("Bronstein") is an individual licensed by the State of New York to practice law and practicing at One Old Country Road, Suite LL5, Carle Place, New York 11514.

4.      Defendant Daniels Norelli Scully & Cecere, P.C. ("DNSC") is a law firm, including Bronstein, located One Old Country Road, Suite LL5, Carle Place, New York 11514.

5.      Defendant CACH, LLC ("CACH") is and at all times relevant herein was a Colorado limited liability company.

6.      Unless otherwise required by the context of the allegation, references to Defendant(s) includes their parents, subsidiaries, affiliates, divisions, predecessors, successors, assigns, administrators, associates, alter egos, joint ventures, joint venturers, related or affiliated entities, partners, franchisors, franchisees, owners, managers, contractors, agents, servants, employees, assistants, and/or consultants.

7.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 10 are unknown to Plaintiff, who therefore sues Defendants by fictitious names and will amend this Complaint to show their true names and capacities when ascertained.

8.      Each of the Doe Defendants is responsible in some manner for the injuries, damages, and/or violations herein alleged.

9.      Each Defendant was the agent, servant, employee, assistant and/or consultant of the other, and was acting within the course, scope, and authority of said positions.

10.     Each Defendant, when acting as the agent of another Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, making the acts of each Defendant, when acting as the agent of another Defendant, legally

PAGE 2 OF 10

LAW OFFICE
JONATHAN WEISS
10576 Troon Avenue
Los Angeles, California 90064-4436

LAW OFFICE
JONATHAN WEISS
10576 Troon Avenue
Los Angeles, California 90064-4436

1  attributable to the other Defendant.

2       11.    Each Defendant, when acting as a principal, caused, knew of, and/or

3  should have known of the wrongful actions of each and every one of its agents,

4  servants, employees, assistants, and/or consultants.

5       12.    Each Defendant, when acting as a principal, ratified the wrongful

6  actions of each and every one of its agents, servants, employees, assistants, and/or

7  consultants.

8

9                  **JURISDICTION AND VENUE**

10       13.    This court has federal question jurisdiction pursuant to 15 U.S.C. §

11  1692k, subdivision (d), and 28 U.S.C. § 1331.

12       14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391,

13  subdivision (b), as the acts and transactions that give rise to this action occurred, in

14  substantial part, in this District.

15       15.    Venue is also proper in this District because the Plaintiff resides in this

16  district and the Defendants transact business in this district.

17

18                  **GENERAL ALLEGATIONS**

19       16.    Section 809 of the FDCPA (15 U.S.C. § 1692g) concerns the validation

20  of debts.

21       17.    Under Section 809, a debtor wishing to collect on a debt must – either

22  in the initial communication or within five days thereafter – provide the alleged

23  debtor with all of the following written information:

24            a.    "the amount of the debt" (15 U.S.C. § 1692g, subd. (a)(1));

25            b.    "the name of the creditor to whom the debt is owed" (15 U.S.C. §

26  1692g, subd. (a)(2));

27            c.    "a statement that unless the consumer, within thirty days after

28  receipt of the notice, disputes the validity of the debt, or any portion thereof,

the debt will be assumed to be valid by the debt collector" (15  U.S.C. § 1692g, subd. (a)(3));

       d.     "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector" (15  U.S.C. § 1692g, subd. (a)(4)); and

       e.     "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor" (15 U.S.C. § 1692g, subd. (a)(5)).

18.     Each of Defendants Bronstein, DNSC, and CACH is a "debt collector" as defined by 15 U.S.C. § 1692a, subdivision (6).

19.     The debt that Defendants sought to collect from Plaintiff is a consumer debt, as defined by 15 U.S.C. § 1692a, subdivision (5).

20.     The alleged debt was purchased, assigned, or transferred to Defendants for collection from Plaintiff.

21.     Defendants attempted to collect this debt from Plaintiff, which was a "communication" as defined by 15 U.S.C. § 1692a, subdivision (2).

22.     Defendants' communication took the form of the letter that is Exhibit A hereto, emailed to Plaintiff in Van Nuys, California.

\ \ \

LAW OFFICE
JONATHAN WEISS
10576 Troon Avenue
Los Angeles, California  90064-4436

COMPLAINT

LAW OFFICE
JONATHAN WEISS
10576 Troon Avenue
Los Angeles, California 90064-4436

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this case as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), on behalf of himself and all others similarly situated.

24.     *Definition.*  The class is defined as:

All consumers to whom, within one year prior to filing this action, any Defendant sent a collection letter which – either in the initial communication or within five days thereafter – *DID NOT* contain one or more of the following written statements:

  a.     Unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  b.     Unless the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  c.     Upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

25.     *Numerosity*.  Because collection letters tend to be form letters which are used repeatedly, Plaintiff believes and alleges that the class is so numerous that joinder of all members is impractical.  Although the exact number and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds if not thousands of such consumers.

26.     *Ascertainability*.  The identification of the consumers who received the letters (i.e., the class members) is a matter capable of ministerial determination from

LAW OFFICE
JONATHAN WEISS
10576 Troon Avenue
Los Angeles, California  90064-4436

1   Defendants' records.

2       27.    *Commonality (fact).*  Common questions of fact predominate over any

3   questions affecting only individual class members.  Among the common questions

4   of fact are whether Defendants sent collection letters to consumers that – either in

5   the initial communication or within five days thereafter – DID NOT contain:

6           a.    "a statement that unless the consumer, within thirty days

7   after receipt of the notice, disputes the validity of the debt, or any

8   portion thereof, the debt will be assumed to be valid by the debt

9   collector" as required by 15 U.S.C. § 1692g, subd. (a)(3));

10           b.    "a statement that if the consumer notifies the debt collector

11   in writing within the thirty-day period that the debt, or any portion

12   thereof, is disputed, the debt collector will obtain verification of the

13   debt or a copy of a judgment against the consumer and a copy of such

14   verification or judgment will be mailed to the consumer by the debt

15   collector" (§ 1692g, subd. (a)(4)); and

16           c.    "a statement that, upon the consumer's written request

17   within the thirty-day period, the debt collector will provide the

18   consumer with the name and address of the original creditor, if different

19   from the current creditor" (§ 1692g, subd. (a)(5)).

20       28.    *Commonality (law).*  Common questions of law predominate over any

21   questions affecting only individual class members.  Among the common questions

22   of law are whether Defendants *violated* the FDCPA and are *liable* thereunder for

23   failure to provide – either in the initial communication or within five days thereafter:

24           a.    "a statement that unless the consumer, within thirty days

25   after receipt of the notice, disputes the validity of the debt, or any

26   portion thereof, the debt will be assumed to be valid by the debt

27   collector" as required by 15 U.S.C. § 1692g, subd. (a)(3));

28           b.    "a statement that if the consumer notifies the debt collector

COMPLAINT

LAW OFFICE
JONATHAN WEISS
10576 Troon Avenue
Los Angeles, California 90064-4436

1   in writing within the thirty-day period that the debt, or any portion

2   thereof, is disputed, the debt collector will obtain verification of the

3   debt or a copy of a judgment against the consumer and a copy of such

4   verification or judgment will be mailed to the consumer by the debt

5   collector" (§ 1692g, subd. (a)(4)); and

6          c.      "a statement that, upon the consumer's written request

7   within the thirty-day period, the debt collector will provide the

8   consumer with the name and address of the original creditor, if different

9   from the current creditor" (§ 1692g, subd. (a)(5)).

10   29.   *Typicality*.  Plaintiff's claims are typical of the Class insofar as he and

11   all class members received letters lacking the information required by Section 809 of

12   the FDCPA.

13   30.   *Adequacy of Representation.*  Plaintiff will fairly and adequately

14   represent the class members' interests, all of whom are victims of the Defendants

15   unlawful conduct.  Furthermore, Plaintiff has retained counsel experienced in

16   prosecuting class actions and knowledgeable in collection law.

17   31.   *Predominance and Superiority*.  Defendants' apparent use of form

18   letters and standardized practices lend themselves to common proof of omission of

19   information required by FDCPA Section 809 and the legal ramifications thereof.  A

20   class action is superior to other available methods for the fair and efficient

21   adjudication of the controversy under Fed. R. Civ. P. 23(b)(3).  Furthermore,

22   Congress specifically envisioned class actions as a principle means of enforcing the

23   FDCPA because, absent a class action, most members of the class would find the

24   cost of litigating these claims to be prohibitive and would have no effective remedy

25   at law; therefore, absent a class action, and Defendants would violate the FDCPA

26   with impunity and class members' rights would not be vindicated.  Class treatment

27   of common questions is also superior to multiple individual actions or piecemeal

28   litigation in that it conserves the resources of the court and the litigants and

COMPLAINT

LAW OFFICE
JONATHAN WEISS
10576 Troon Avenue
Los Angeles, California 90064-4436

1  promotes consistency and efficiency of adjudication.

2

3  ## COUNT I

4  ### Improper Notice under 15 U.S.C. § 1692g

5  ### (Against All Defendants)

6      32.    Plaintiff incorporates by reference paragraphs 2-30 as though fully set

7  forth herein.

8      33.    Defendant' letter (Exhibit A hereto) unlawfully failed to provide the

9  statements required by Section 809 of the FDCPA (15 U.S.C. § 1692g, subds. (a)(3)-

10  (a)(5)).

11     34.    As a result of the above violations of the FDCPA, Defendants, and each

12  of them, are liable to Plaintiff for declaratory judgment that Defendants' conduct

13  violated the FDCPA and for damages, costs, and attorney's fees.

14

15  ## PRAYER FOR RELIEF

16  WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

17     1.    For the named Plaintiff, statutory damages of $1,000.00 (15 U.S.C. §

18  1692k, subd. (a)(2)(B)(i));

19     2.    For all other Class Members, statutory damages of the lessor of the

20  lesser of $500,000 or 1 per centum of the net worth of the debt collector (15 U.S.C.

21  § 1692k, subd. (a)(2)(B)(ii);

22     3.    Costs of litigation and reasonable attorneys' fees (15 U.S.C. § 1692k,

23  subd. (a)(3)); and

24     4.    Such other and further relief as may be just and proper.

25  \ \ \

26

27

28

PAGE 8 OF 10

COMPLAINT

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  September 30, 2013

Jonathan Weiss, SBN 143895
LAW OFFICE OF JONATHAN WEISS
10576 Troon Avenue
Los Angeles, California  90064-4436
Telephone (310) 558-0404

Michael N. Berke
LAW OFFICE OF MICHAEL N. BERKE
25001 The Old Road
Santa Clarita, California  91381-2252

Attorneys for Plaintiff

By: _____
    Jonathan Weiss

PAGE 9 OF 10

COMPLAINT

Exhibit "A"

# DANIELS NORELLI SCULLY & CECERE, P.C.

## Attorneys at Law

FRED G. DANIELS*
GEORGE H. NORELLI
JAMES P. SCULLY*
ROBERT J. CECERE*
ERIC T. TAVEL
DENISE MAY*
---------------------------
Special Counsel
ALBERT F. PENNISI P.C.

One Old Country Road
Suite LL5
Carle Place, NY  11514
1-800-332-3306
516-338-7520

MEREDITH E. UNGER
MICHAEL R. MARGOLIS*
JOSHUA R. BRONSTEIN
IRA R. SITZER
ADAM S. MEISKIN
NOAH E. LEVENSON+
---------------------------
Of Counsel to the Firm
ISAAC N. TUCHMAN
SHERRIE A. TAYLOR
---------------------------
*Member NY & NJ Bar
+Member NY & MA Bar

August 8, 2013

James Elias
16209 Victory Blvd Unit 181
Van Nuys, CA 91406

**Re:** CACH, LLC as assignee of GE MONEY BANK
**Account Number: 5046621209030731**
**Our Account Number: 120020017573**
BALANCE: $5,255.11

Dear Sir/Madam:

Please be advised that the above referenced account has a balance left to be paid of $5,255.11.

If you have any questions, or need anything further, please do not hesitate to contact this office.

Very Truly Yours,

Joshua R. Bronstein, Esq.

This communication is from a debt collector.  It is an attempt to collect a debt and any information obtained shall be used for that purpose.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____George H. King_____ and the assigned

Magistrate Judge is _____Ralph Zarefsky_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13-CV-7231-GHK (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 30, 2013
_____
Date

By  MDAVIS _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☒ Western Division
  312 N. Spring Street, G-8
  Los Angeles, CA 90012

☐ Southern Division
  411 West Fourth St., Ste 1053
  Santa Ana, CA 92701

☐ Eastern Division
  3470 Twelfth Street, Room 134
  Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

Name & Address:

Jonathan Weiss
LAW OFFICE OF JONATHAN WEISS
10576 Troon Avenue
Los Angeles, California 90064-4436

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELIAS, an individual,<br><br>PLAINTIFF(S)<br>v.<br><br>JOSHUA R. BRONSTEIN, an individual; DANIELS NORELLI SCULLY & CECERE, P.C., a New York Corporation; CACH, LLC, a Colorado limited liability company, and DOES 1-10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV13-07231—GHK(RZ)**<br><br><br>**SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Jonathan Weiss_____, whose address is __10576 Troon Avenue, Los Angeles, CA 90064_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __SEP 3 0 2013__

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

James Elias

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

JOSHUA R. BRONSTEIN, an individual; DANIELS NORELLI SCULLY & CECERE, P.C., a New York Corporation; CACH, LLC, a Colorado limited liability company

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Jonathan Weiss, LAW OFFICE OF JONATHAN WEISS, 10576 Troon Avenue, Los Angeles, CA 90064 (310)558-0404; Michael N. Berke, LAW OFFICE OF MICHAEL N. BERKE, 25001 The Old Road, Santa Clarita, CA 91381 (661)259-1800.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

---

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

## IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No       ☐ **MONEY DEMANDED IN COMPLAINT:** $ >$1,500,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.) for failure to comply with Section 809 validation of debts disclosure requirements.

---

## VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**CV13-07231**

---

**FOR OFFICE USE ONLY:**     Case Number: _____

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

    If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

    If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

                            ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

                            ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

                            ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _[signature]_      DATE: 9/30/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |